SAMUEL L. RICE *vs.* HIGHLAND IMPROVEMENT CO.

Submitted on briefs January 5, 1894. Affirmed Jan. 19, 1894.

No. 8391.

Laws 1889, ch. 56, construed.

> *Held,* in view of the provisions of the city charter (Sp. Laws 1889, ch. 19, § 3) relating to the official supervision of town plats within the city of Duluth by the Board of Public Works and the Common Council, that Duluth is a city "having a duly constituted officer or officers with jurisdiction over said plats for the purposes above mentioned," within the meaning of Laws 1889, ch. 56, and hence that the general law does not apply to plats within the city limits.

Appeal by defendant, Highland Improvement Company, from an order of the District Court of St. Louis County, *J. D. Ensign,* J., made August 12, 1893, denying its motion for a new trial.

The plaintiff, Samuel L. Rice, a land surveyor, was employed in May, 1891, by Highland Improvement Company, to survey and plat into lots, blocks and streets two hundred acres of land in section twenty (20) T. 50, R. 14, in the City of Duluth.  It agreed to pay him for that work $960, less the legal fees which the county surveyor of St. Louis County might lawfully charge in the performance of his official duties in inspecting, verifying and approving the plat.  Plaintiff performed the work and received thereon $856, and he brought this action to recover the remaining $104.  The defendant answered that under Laws 1889, ch. 56, it was required to and did employ the county surveyor and obtain his certificate of the accuracy of the plat to entitle it to record, that his fees were $104 which sum it had paid him, and under its contract with plaintiff that sum was properly deducted from the $960.  The issues were tried July 10, 1893, by the court without a jury and as conclusion of law the court found that the city of Duluth, under Sp. Laws 1889, ch. 19, § 3, p. 538, had duly constituted officers with jurisdiction over plats of land in that city and that the county surveyor of St. Louis County had no duty to perform in connection with this plat and could not lawfully charge the Highland Improvement Company anything for inspecting, verifying or approving it, and ordered judgment for the plaintiff for the amount of his claim with interest.  The defendant made a case which was settled, signed and filed.  On the record and files it moved the court for a new trial on the ground that the decision was not justified by the evidence and was contrary to law.  This motion was denied and defendant appealed.

*Billson and Congdon*, for appellant.

Laws 1889, ch. 56, is of a highly remedial character, and should not be lightly construed away.  The act has three independent and specific purposes, each of which has relation, not to the form, appearance or execution of the plat, but solely to the accuracy of the surveys upon the ground, and the harmony of the plat with such actual surveys.  They are to secure the accuracy of the actual surveys upon the ground, (1) with reference to the location of monuments, (2) with reference to the exterior boundary lines of the surveyed tract, and (3) with reference to the sizes of the fractional lots.

The Charter of Duluth as amended by Sp. Laws 1889, ch. 19, § 3,

does not make mandatory under any circumstances any official surveys in verification of the plat, or of the private survey upon which it is based. The Board of Public Works may, if deemed necessary, examine the territory covered by the plat, and for that purpose may require the City Engineer to cause examination to be made, to ascertain, (1) that the streets and other public grounds dedicated to the public are suitably laid out with reference to the topography of the ground and the needs of the public; (2) that the streets are of sufficient width; (3) that the streets as far as practicable join with the streets of any adjoining plat; (4) that in the opinion of the Board there are sufficient permanent monuments set to govern future surveys; and (5) that the statutory certificates and acknowledgments are properly indorsed upon the plat.

A comparison of these five points with the three purposes sought to be accomplished by the general act, will make it clear that not only are the city officers destitute of jurisdiction over plats for all the purposes mentioned in the general act, but that they are destitute of jurisdiction for any of such purposes; or, that at the most, and upon an extremely liberal construction of the special law, the city officers have jurisdiction for not more than one of such purposes. Neither the accuracy of the surveys with reference to the size of the fractional lots, nor with reference to the boundary lines, is in any manner referred to in the special act.

The object of the act of 1889 was to afford security upon three sharply defined points to all purchasers of platted lots throughout the State, and the object of the proviso was merely to prevent a duplication of services by excepting from the operation of the act cities in which security in all these respects is afforded by provisions of its charter.

*Walter Ayers,* for respondent.

The question is, whether there is to be a cumulative and burdensome official supervision over plats within the limits of the City of Duluth by two distinct sets of officials, within the proper scope of the official power and duty of either one of whom, such supervision would seem to lie. Laws 1889, ch. 56, provides that it shall not apply to plats of property within the corporate limits of cities having a duly constituted officer or officers with jurisdiction over plats for

the purposes enumerated in that law. ' The term "jurisdiction" as used in this connection means simply a supervisory power over plats for the purpose of insuring their correctness.

The general act was approved March 7, 1889; the amended Du-- luth City Charter, the special act above referred to, was approved April 24, 1889.   The purpose of the special law was to establish a complete and independent system of rules governing platting within the limits of the City of Duluth, and is evidently intended to cover the whole ground.

Mitchell, J.   Laws 1889, ch. 56, entitled "An act to insure the ac- curacy of town plats," requiring that, before any town plat can be recorded, it shall have attached thereto a certificate of the county surveyor, certifying to the accuracy of the plat in certain specified particulars, contains a proviso "that this shall not apply to plats of property within the corporate limits of cities having a duly consti- tuted officer or officers with jurisdiction over said plats for the pur- poses above mentioned."

The charter of the city of Duluth (Sp. Laws 1889, ch. 19, § 3) con- tains very full and minute provisions for the purpose of insuring the accuracy of town plats, and that the land shall be laid out in such way as to best subserve public convenience, and that the title of all grounds dedicated to the public shall be secured.   It provides that no plat shall be of any validity, or recorded, until the approval of the Board of Public Works shall be indorsed thereon.   It also pro- vides what the plat shall contain,—among other things, the certificate of the surveyor who made the survey that all distances as marked on the plat are correct, and that permanent monuments have been placed as shown thereon.   It further provides what the Board of Public Works shall or may do to ascertain the accuracy and suffi- ciency of the plat, and that, if found to be in accordance with the requirements of the law, they shall indorse their approval thereon, and then transmit it to the Common Council for its acceptance.   It finally provides that when thus approved by the Board of Public Works, and accepted by the Common Council, the plat shall be filed for record.

The sole question is whether Laws 1889, ch. 56, is by force of its own proviso, inapplicable to plats in the city of Duluth,—in other

words, whether Duluth is a city "having a duly constituted officer or officers with jurisdiction over said plats for the purposes above mentioned."

Although the means adopted are somewhat different, the general purposes of both acts are the same, viz. through the official supervision of town plats, to protect the interests of both purchasers and the public. The general act seems to have more especial reference to the interests of future purchasers, while the special act has reference also to the interests and convenience of the public; but, as to both the purposes to be subserved and the means adopted, the two laws, to a certain extent, overlap each other; and, while awkwardly worded, we think the phrase "for the purposes above mentioned," in the proviso to the general act, has reference to the general objects or purposes sought to be attained, and not to the specific or particular means provided for their accomplishment. It seems clear that the intention of the legislature was to exclude from the operation of the general law all cities whose charters provide for official supervision of town plats by municipal officers or bodies. We also think that the purpose of the city charter of Duluth was to establish a complete system of rules governing the official supervision of plats within the city, which should cover the whole ground, including everything which the legislature deemed necessary on the subject; and this official supervision was devolved upon the Board of Public Works and the Common Council. It can hardly be supposed that the legislature intended that there should be a double, and possibly clashing, supervision over plats,—by the county surveyor under the general law, and by the Board of Public Works and Common Council under the city charter.

Our conclusion is that Duluth is a city having an officer or officers "with jurisdiction over plats for the purposes above mentioned," within the meaning of this proviso.

Order affirmed.

(Opinion published 57 N. W. Rep. 452.)